IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,976-01






EX PARTE ALLEN JAY AMASON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 4151 IN THE 216TH JUDICIAL DISTRICT COURT

GILLESPIE COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of aggravated robbery, and punishment was assessed at twenty-five (25) years'
confinement. Applicant's conviction was affirmed on appeal. Amason v. State, No. 04-03-00955-CR (Tex. App. -- San Antonio, delivered December 15, 2004, no pet.).

 Applicant contends that he received ineffective assistance of counsel, in that counsel
should have obtained an expert to support the defense's position that the offender would have
had blood on his clothes; should have obtained an expert to test clothes seized from
Applicant, which he stated were not his, to see whether Applicant or someone else had been
wearing them; should have investigated a metal bar that was photographed and removed by
a police officer but not tested; and should have attempted to locate and question the man
Applicant said he saw breaking into his car.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court shall resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from counsel, or it may order a hearing. In the appropriate
case the trial court may rely on its personal recollection.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing.

 Following receipt of additional information, the trial court shall make findings of fact
as to whether counsel should have obtained an expert to support the defense's position that
Applicant could not have been the offender because there was no blood on his clothes;
should have obtained an expert to test clothes seized from Applicant, which he said were not
his, in order to determine whether he or someone else had been wearing them; should have
investigated a metal bar found near the crime scene that was photographed and removed by
a police officer but not tested; and should have attempted to locate and question the man
Applicant stated he saw breaking into his car. The trial court shall make findings as to
whether counsel's performance was deficient and, if so, whether such performance was
prejudicial. The trial court shall also make any further findings of fact and conclusions of
law it deems relevant and appropriate to the disposition of the application for writ of habeas
corpus.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety (90) days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred twenty (120) days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 1st DAY OF MARCH, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.